◼ MICHAEL SIPOURENE, Respondent, v COUNTY OF NASSAU et al., Respondents, and HENDRICKSON BROS., INC., Appellant. [698 NYS2d 705] —In an action to recover damages for personal injuries, the defendant Hendrickson Bros., Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Franco, J.), dated August 18, 1998, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the plaintiff-respondent, the motion is granted, the complaint and all cross claims insofar as asserted against the appellant are dismissed, and the action against the remaining defendants is severed.

The plaintiff commenced this action to recover damages for injuries he allegedly sustained when his car skidded off the

road and collided with a tree at the intersection of Peninsula Boulevard and Avon Road in the Town of Hempstead. The defendants included the County of Nassau, the appellant, Hendrickson Bros., Inc., which repaved the road in 1987, and Guy Pratt, Inc., who "grooved" the road in 1992, about two months before the plaintiff's accident.

The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to eliminate any material issues of fact from the case (see, Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). The failure to make such a showing requires the denial of the motion, regardless of the sufficiency of the opposing papers (see, Winegrad v New York Univ. Med. Ctr., supra, at 853). Once this showing has been made, however, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial (see, Alvarez v Prospect Hosp., 68 NY2d 320, 324).

Here, the appellant's project coordinator testified at his deposition that the appellant's work was done in accordance with the specifications of the County of Nassau, using 1A asphalt. Such testimony established prima facie that the work was properly done (see, Cunneen v Hicksville Free Pub. Lib., 236 AD2d 357). The affidavits of the plaintiff's expert did not identify any impropriety as to how the work was performed. He merely stated that the appellant's resurfacing of the roadway in 1987 "did not maintain a proper coefficient of friction for at least 10 years" without identifying the reason, or citing any standard requiring that pavement retain the proper coefficient of friction for at least 10 years. In addition, he did not state that use of 1A asphalt was in any way deficient. In view of the foregoing, the appellant was entitled to summary judgment. Ritter, J. P., Joy, Goldstein and McGinity, JJ., concur.