■ CONSTANCE SMITH et al., Respondents-Appellants, v CITY OF NEW YORK et al., Defendants, and EVELYN CORTEZ et al., Appellants-Respondents. [733 NYS2d 474] —In an action to recover damages for wrongful death, etc., the defendants Evelyn Cortez, Carlos Cortez, Evelyn Cortez and Carlos Cortez, and Cortez Enterprises appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated July 7, 2000, as denied their motion, *inter alia,* for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiffs cross-appeal from so much of the same order as denied their cross motion for summary judgment against those defendants.

Ordered that the order is affirmed, without costs or disbursements.

On August 7, 1994, the decedent, Wayne Smith, a captain in the Fire Department of the City of New York (hereinafter the decedent), was fighting a fire along with other firefighters at a three-story building located at 81-04 37th Avenue in Queens. While on the third floor of the building, the decedent was overtaken by the fire and died from related injuries approximately two months later.

The decedent's widow commenced this action against, among others, the defendants Evelyn Cortez, Carlos Cortez, Evelyn

Cortez and Carlos Cortez, and Cortez Enterprises (hereinafter the Cortez defendants), who leased the second-floor office, asserting causes of action pursuant to General Municipal Law § 205-a and sounding in common-law negligence. The plaintiffs' General Municipal Law § 205-a causes of action were predicated upon numerous statutes, rules, regulations, and ordinances which they alleged were violated by the Cortez defendants, *inter alia*, by their conduct in hiring an unlicensed handyman to perform rewiring and other electrical work on the second floor. A report by the Fire Department of the City of New York indicated that a possible cause of the fire was defective wiring in the location where the unlicensed handyman had worked. The Cortez defendants moved, *inter alia*, for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiffs cross-moved for summary judgment in their favor. The Supreme Court denied the motion and cross motion, and we affirm.

The branch of the motion of the Cortez defendants which was for summary judgment dismissing the plaintiffs' General Municipal Law § 205-a causes of action insofar as asserted against them was properly denied. Where, as here, the proponents of the motion fail to specifically address each separate claim with proof sufficient to meet their burden of establishing their right to judgment as a matter of law, summary judgment must be denied (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320). Under these circumstances, we need not consider the sufficiency of the plaintiffs' opposing papers (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851).

The plaintiffs failed to demonstrate their entitlement to judgment as a matter of law (*see, Zuckerman v City of New York*, 49 NY2d 557).

The parties' remaining contentions are without merit. Santucci, J. P., Altman, Townes and Crane, JJ., concur.