■ MICHAEL McDONALD, Appellant, v ERIC D. MAUSS, Respondent, et al., Defendants. (And a Third-Party Action.) [832 NYS2d 291]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated March 24, 2005, as granted that branch of the motion of the de-

fendant Eric D. Mauss which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Eric D. Mauss which was for summary judgment dismissing the complaint insofar as asserted against him is denied.

In order to establish a prima facie entitlement to judgment as a matter of law, it was incumbent upon the defendant Eric D. Mauss (hereinafter the defendant) to come forward with evidentiary proof, in admissible form, demonstrating the absence of any triable issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Ilardi v Inte-Fac Corp.*, 290 AD2d 490 [2002]). The failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Smith v City of New York*, 288 AD2d 369 [2001]; *Sipourene v County of Nassau*, 266 AD2d 450 [1999]). The deposition transcripts of two nonparty witnesses, submitted by the defendant without an explanation as to why they were unsigned and unsworn, were not in admissible form and should not have been considered by the court (*see* CPLR 3116; *Santos v Intown Assoc.*, 17 AD3d 564 [2005]; *Lalli v Abe*, 234 AD2d 346 [1996]).

It is evident from the remaining evidence submitted by the defendant that questions of fact exist as to whether the defendant failed to see that which he should have seen through the proper use of his senses (*see Rebay v Tormey*, 2 AD3d 826 [2003]; *Ferrara v Castro*, 283 AD2d 392, 393 [2001]; *Zambrano v Pilhwan Seok*, 277 AD2d 312 [2000]; *Smalley v McCarthy*, 254 AD2d 478 [1998]), and whether he made a left turn when it was unsafe to do so (*see Gabler v Marly Bldg. Supply Corp.*, 27 AD3d 519 [2006]). The defendant's contention that the plaintiff may have been operating his motorcycle at an excessive rate of speed is speculative at best (*see Szczotka v Adler*, 291 AD2d 444 [2002]; *Breslin v Rudden*, 291 AD2d 471 [2002]).

In light of the defendant's failure to establish his prima facie entitlement to judgment as a matter of law, we need not consider any purported deficiency in the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr., supra*; *Smith v City of New York, supra*; *Sipourene v County of Nassau, supra*). Mastro, J.P., Rivera, Dillon and Carni, JJ., concur.