■ JOSE MARTINEZ et al., Appellants, v 123-16 LIBERTY AVE-NUE REALTY CORP. et al., Respondents. [850 NYS2d 201]—

In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal, etc., as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated December 18, 2006, as granted that branch of the motion of the defendant Eun Jea Lee which was for summary judgment dismissing the complaint insofar as asserted against her, and granted that branch of the cross motion of the defendant 123-16 Liberty Avenue Realty Corp. which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the motion of the defendant Eun Jea Lee and the cross motion of the defendant 123-16 Liberty Avenue Realty Corp. which were for summary judgment dismissing the complaint insofar as asserted against them are denied.

The motion for summary judgment submitted by the defendant Eun Jea Lee was supported by transcripts of deposition testimony of the plaintiff Jose Martinez and Bong Kwan Chang, the principal of the defendant 123-16 Liberty Avenue Realty Corp. (hereinafter Liberty), and by her own deposition testimony. None of the deposition transcripts was signed or attested to by the respective deponents. The motion also was supported by an affidavit of Lee's husband, Joon Young Lee. That affidavit had been translated from Korean to English by Mr. Lee's daughter, Hannah Lee. The affidavit was not accompanied by the requisite translator's attestation (*see* CPLR 2101 [b]). The cross motion for summary judgment submitted by Liberty was supported by an affirmation of counsel, which referenced the deposition testimony submitted by the defendant Lee.

To establish prima facie entitlement to judgment as a matter of law, a movant for summary judgment must come forward with evidentiary proof, in admissible form, demonstrating the absence of any triable issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). The failure to make such showing requires the denial of the motion, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *McDonald v Mauss*, 38 AD3d 727 [2007]).

The defendants failed to show that the unsigned deposition transcripts of the various witnesses, submitted in support of the defendant Lee's motion and relied upon by Liberty in its cross motion, previously were forwarded to the relevant witnesses for their review pursuant to CPLR 3116 (a). The transcripts did not constitute admissible evidence. The translated affidavit that lacked the translator's attestation also did not constitute admissible evidence (*see* CPLR 2101 [b]). Accordingly, the defendants failed to establish their entitlement to summary judgment (*see McDonald v Mauss*, 38 AD3d 727 [2007]; *Pina v Flik Intl. Corp.*, 25 AD3d 772 [2006]; *Scotto v Marra*, 23 AD3d 543 [2005]; *Santos v Intown Assoc.*, 17 AD3d 564 [2005]). Crane, J.P., Rivera, Angiolillo and Dickerson, JJ., concur.