■ YOUNG HEE KIM, Plaintiff, v ZELDA HANDELSMAN, Defendant and Third-Party Plaintiff-Appellant. SUNG JA KIM et al., Third-Party Defendants-Respondents. [850 NYS2d 633]—In an action to recover damages for personal injuries, the defendant third-party plaintiff, Zelda Handelsman, appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated April 27, 2007, which granted the third-party defendants' motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed, on the law, with costs, and the third-party defendants' motion for summary judgment dismissing the third-party complaint is denied.

It is well established that on a motion for summary judgment, the moving party has the burden of establishing prima facie entitlement to judgment as a matter of law by coming forward with evidentiary proof, in admissible form, demonstrating the absence of any triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *S.J. Capelin Assoc. v Globe Mfg. Corp.*, 34 NY2d 338, 341 [1974]; *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]). "Failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Smith v City of New York*, 288 AD2d 369, 370 [2001]; *Sipourene v County of Nassau*, 266 AD2d 450, 451 [1999]). Here, the third-party defendants failed to meet their burden. The deposition testimony of the two drivers involved in the subject automobile accident, submitted in support of the motion, raised numerous triable issues of fact as to the happening of the accident. Accordingly, the Supreme Court erred in granting the motion for summary judgment dismissing the third-party complaint. Mastro, J.P., Santucci, Dillon and Angiolillo, JJ., concur.