OPINION OF THE COURT
William J. Giacomo, J.
Based on the foregoing submissions, the Village of Pleasantville’s motion for summary judgment is granted. Defendants John Leen and Barbara Leen’s motion for summary judgment is denied.
Factual and Procedural Background
This matter involves three parties. The Board of Education of the Pleasantville Union Free School District No. 9, John Leen and Barbara Leen, and the Village of Pleasantville each contend that they have superior title to an approximately 6,000-square-foot piece of real property known as the Clinton Street extension located in the Village of Pleasantville. The School District has commenced this action against the Village and the Leens asserting its claim of superior title to the property on the ground of adverse possession. The Leens contend that they have superior title pursuant to a 2006 conveyance of the property to them from Alan Chisholm, David Chisholm, and Robert Chisholm. The Village asserts its claim of superior title pursuant to a 1930 conveyance of the property to it by the estate of Alfred Romer.
The property that is the subject of this litigation is comprised of an asphalt-covered portion, an adjacent grass strip and a remaining lawn portion which borders the Leens’ property. The asphalt portion, which is an extension of Clinton Street past its intersection with Romer Avenue, principally provides vehicular *616 access to the Pleasantville Middle School and High School as well as to various athletic fields. The portion of Clinton Street which extends east of the Romer Street intersection is the asphalt portion (the Clinton Street extension). North of the asphalt portion is a concrete curb and the grass strip portion runs between the curb and a low hedge the length of the asphalt portion. North of the low hedge is the remaining lawn portion which borders defendant Leens’ property. The grass portions comprise a vacant lot. The property to the south and east of the asphalt portion is owned by the Pleasantville Union Free School District.
In June 2006, the Leens applied to the Village of Pleasantville Zoning Board of Appeals for an area variance for their vacant lot. In October 2006, the Leens purchased the property which is the subject of this action from Alan Chisholm, David Chisholm and Robert Chisholm. As a result, the Leens withdrew their application for a variance since they now believed they had sufficient acreage to create a conforming lot.
In June 2007, the School District, concerned that it would no longer be able to use the Clinton Street extension for ingress and egress to the High School, Middle School and athletic fields, commenced the instant action against the Leens and the Village, seeking a declaration of legal ownership of the Clinton Street extension on the ground of adverse possession. In its answer, the Village interposed a counterclaim and three cross claims asserting that it had superior title to the Clinton Street extension. The Leens also interposed an answer with their ownership claim.
On May 12, 2009, the Village moved for summary judgment asserting that there are no questions of fact regarding its superior title. The Village states that by deed dated September 22, 1930, Henry H. Romer and Elizabeth P Romer, as executors of the estate of Alfred Romer, conveyed most of the asphalt portion, all of the grass strip and all of the remaining lawn portion of the Clinton Street extension to the Village. The deed refers to this land as “all of which is shown on a map entitled ‘Map showing land to be Acquired for the Extension of Clinton Street, Village of Pleasantville, Westchester County, New York’ prepared September 9, 1930 by Chas. H. Sells, Inc., Village Engineer, Pleasantville, New York.” The 1930 map shows a 5,858.49-square-foot parcel identified as owned by the “Estate of Alfred Romer” which parcel was conveyed to the Village in the September 22, 1930 deed. It also shows a 521.91-square-foot *617 sliver of land adjacent to the Romer land that was owned by the School District. On May 13, 1931, the School District conveyed that sliver of property to the Village. These two parcels make up the Clinton Street extension, which runs approximately 125 feet easterly from the easterly side of Romer Avenue.
In support of its motion, the Village submitted Village Trustee meeting minutes from 1930, 1931 and 1932 regarding the Village’s intention to improve the land known as the Clinton Street extension. Notably, those minutes show that at a September 23, 1930 meeting, the day after the Village acquired title to the property from the estate of Romer, a Village Trustee meeting was held at which the cost of paving the Clinton Street extension was discussed. Several adjacent landowners appeared at the meeting and objected to the improvement. That meeting was adjourned until September 30, 1930, when the Village Trustees resolved that the cost of the improvement would be borne 50% by the Village and 50% by the adjacent landowners. During several Trustee meetings in 1931 and 1932, the financing of the improvement was discussed.
The Village contends that the Leens’ 2006 quitclaim deed from the Chisholms does not give the Leens superior title to that of the Village. The Village notes that the Chisholms acquired title to the subject property via a 1946 deed from Elizabeth E Romer and Mary S. Romer. It notes that Elizabeth E Romer and Mary S. Romer acquired their interest in the subject property through an inheritance from the estate of Alfred Romer as part of a larger parcel referenced in a 1932 deed from Henry H. Romer and Elizabeth E Romer, as executors of the estate of Alfred Romer. The 1932 deed from the estate of Alfred Romer to Elizabeth E Romer and Mary S. Romer was recorded before the Village’s 1930 deed. Nevertheless, relying on Real Froperty Law § 291, the Village contends that Elizabeth E Romer and Mary S. Romer were not purchasers for fair value, because they inherited the property. It also claims the 1932 conveyance was not in good faith because Elizabeth E Romer conveyed to herself a parcel of land she had previously conveyed to the Village. Thus, the Village asserts that its 1930 deed has priority over the first recorded 1932 deed. As further proof that it owns the Clinton Street extension, the Village submitted the affidavit of James T. Timmings, Village Assessor, who states that there is no tax card for the Clinton Street extension on the Village assessment roll, since it is off the tax roll; thus no taxes are paid on that property.
*618 In their cross motion for summary judgment, the Leens contend that the Village’s argument regarding the priority of deeds pursuant to Real Property Law § 291 is not the issue. They argue that the real issue is whether the Village has any right to the property pursuant to Village Law § 6-610 and its predecessor Village Law § 144. The Leens contend that to acquire title to the Clinton Street extension the Village had to follow a multi-step statutory procedure to effectuate a street dedication. According to the Leens, the Board of Trustees must first obtain an offer in writing for a road dedication, meet to consider the offer and determine by resolution whether and to what extent it wishes to accept the dedication. After such resolution and after the proffering of a deed compliant with the earlier resolution, the Board of Trustees may then by subsequent resolution accept the actual conveyance. The Leens contend that the Village never formally accepted the offer of the road dedication for the Clinton Street extension via a resolution recorded in the minutes of a Board of Trustees meeting. Thus, they claim the offer was still outstanding when it was withdrawn by operation of law when the estate of Alfred Romer conveyed the land, as part of a conveyance of a larger parcel, to Elizabeth P Romer and Mary S. Romer in 1932.
The Leens argue further that, during the same time period, the estate of Alfred Romer had proffered other parcels of land for street dedication pursuant to which the Village acquired title by strictly complying with the provisions of the Village Law. The Leens also annex a letter, dated March 9, 2007, from the Village’s Building Inspector which states that, “after consultation with two title companies, title to the Clinton Street Extension is vested in the Leens.” Finally, the Leens also contend that in 1939 Elizabeth E Romer and Mary S. Romer paid taxes on the subject property.
The School District did not oppose the Village’s motion but did oppose the Leens’ cross motion. In opposition to the Leens’ cross motion, the School District claims that it has superior title to the parcel pursuant to the doctrine of adverse possession. The School District states that it has used the area known as the asphalt portion of the Clinton Street extension for ingress and egress for employees, students and their families from as early as 1929 when the High School was constructed but in any event no later than 1972 when an addition to the High School was constructed. The School District notes that the asphalt portion of the Clinton Street extension is used by the School *619 District as the area where school busses and vehicles pick up and drop off students at the High School, and as a means to proceed to the Middle School, to the parking lot or to the athletic field areas. The School District contends that since at least 1972 it has exercised sole authority and control over the asphalt portion of the Clinton Street extension. The School District asserts that it has improved and maintained the area, including paving, cleaning, shoveling and plowing the property. They contend all of this activity was done with the full knowledge of the Leens, who live across the street from the High School, yet neither the Leens nor their predecessors-in-interest to the Clinton Street extension property objected to the School District’s use of the parcel. The School District contends further that if the Leens were found to be the true property owners of the Clinton Street extension, it could no longer use that area for the High School pick up and drop off and for access to the Middle School, the parking lot and the athletic fields.
In opposition to the cross motion and in further support of its motion, the Village argues that the issue to be decided in this matter is not one of street dedication, but of ownership. It contends that since the 1930 conveyance from the estate of Alfred Romer to the Village was unconditional, not a mere offer of a conveyance, Village Law § 6-610 and its predecessor Village Law § 144 are inapplicable. The Village notes that Village Law § 144, as it existed in 1930, contemplates a situation where there is “an offer in writing by the owner to make such a dedication.” Here, there was no such offer since the conveyance was absolute and not conditioned upon a street dedication. The Village contends that the only mention of the word “street” in the deed was the reference to the September 9, 1930 map created by Chas. H. Sells, which was merely part of the description of the parcel conveyed, not an offer of a street dedication.
The Village argues in the alternative that, even if Village Law § 144 applied, its acceptance can be in the form of acts showing acceptance and need not be a formal acceptance of a road dedication. The Village contends that the Board of Trustees’ continuing discussions in 1930, 1931 and 1932 regarding the financing of the improvements to the Clinton Street extension were unequivocal acts of acceptance. Specifically, at the November 14, 1930 trustee meeting, it was resolved that the Village would borrow the sum of $5,400 from Mount Pleasant Bank and Trust for the purpose of paying part of the cost of the Clinton Street extension improvement. Further, at the June 12, 1932 trustee meeting, it was noted that
*620 “the improvement of Clinton Street from Martling Avenue easterly to a point distant approximately one hundred twenty-five (125) feet easterly from the easterly side of Romer Avenue, a distance of nine hundred (900) feet, with bituminous macadam pavement and concrete curbs and gutters and that said work has been completed and the total cost thereof has been ascertained to be the sum of $9,258.74 of which amount $3,683.02 is chargeable to the owners of adjoining lands and that a proposed assessment roll has been prepared apportioning the amounts against such owners, which proposed assessment roll is on file in the office of the Village Clerk and is open to inspection by all persons interested.” (Emphasis added.)
Thus, according to the Village, there were numerous acts which demonstrated the Village’s acceptance of any alleged offer made by the estate of Alfred Romer with regard to the Clinton Street extension. Notably, the improvements made to the Clinton Street extension were completed prior to the August 1932 conveyance from the estate of Alfred Romer to Elizabeth E Romer and Mary S. Romer.
In further support of their cross motion and in opposition to the School District, the Leens argue that the School District cannot succeed on its adverse possession claim since the Clinton Street extension was used by the general public, thus the School District cannot claim an “act of hostility under of claim of right.” The Leens argue further that since every trustee meeting in connection with the Clinton Street extension indicated that the subject parcel of land would be used as a street, Village Law § 6-610 and its predecessor Village Law § 144 apply. According to the Leens, since there were never any acts of acceptance before the land was conveyed to Elizabeth E Romer and Mary S. Romer in 1932, the Village has no right to the subject property. Discussion
A party seeking summary judgment bears the initial burden of affirmatively demonstrating its entitlement to summary judgment as a matter of law. (See Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Alvarez v Prospect Hosp., 68 NY2d 320 [1986].) Failure of a moving party to tender sufficient evidence to demonstrate as a matter of law the absence of a material issue of fact results in a failure to tender a prima facie entitlement to summary judgment and requires denial of the motion, regardless of the sufficiency of the opposing papers. (See McDonald v Mauss, 38 AD3d 727 [2d Dept 2007].)
*621 The Village has sustained its burden of establishing prima facie entitlement to summary judgment. This court agrees with the Village that the issue in this case is not one of street dedication, but one of ownership. Who has legal title to the Clinton Street extension? The answer is the Village. The Village proffered in support of its motion the September 22, 1930 deed which clearly establishes that Henry H. Romer and Elizabeth E Romer, as executors of the estate of Alfred Romer, unconditionally conveyed most of the Clinton Street extension to the Village. Looking at the four corners of the 1930 deed, it is an unconditional, absolute conveyance to the Village. Nothing contained in the deed or any other writing submitted by any party indicates otherwise. Whether that parcel was ever properly dedicated as a public street is not determinative of the ownership of the land. (Cf. Matter of Desotelle v Town Bd. of Town of Schuyler Falls, 301 AD2d 1003 [3d Dept 2003] [town accepted unconditional deed from land owner, but never adopted the land as a public highway, thus town had no duty to maintain parcel as a public highway].) Further, the fact that the property was ultimately used as an access road to the High School is not dis-positive, since once the Village had unconditional ownership of the property it could use it in any manner it wished.
Additionally, although the Village recorded its deed after Elizabeth E and Mary S. Romer recorded their deed, the Village still has superior title. It is elementary law that New York State is a race-notice jurisdiction, a concept more commonly referred to as “first in time, first in right.” (See Real Froperty Law § 290 et seq.) Nevertheless, a purchaser does not get the protection of Real Froperty Law § 291 unless it is a purchaser “in good faith and for a valuable consideration” (Real Froperty Law § 291). Here, since Elizabeth E Romer, as an executor of the estate of Alfred Romer, executed the 1930 deed to the Village and then as an heir of the estate of Alfred Romer reconveyed the parcel of land to herself, as part of a larger parcel of land, the second conveyance was not made in good faith. It is undisputed that Elizabeth E Romer had actual notice of the first conveyance. (See Andy Assoc. v Bankers Trust Co., 49 NY2d 13 [1979] [a person is deemed to have acted in good faith if acting without notice of the competing interest].)
“Actual notice of a prior unrecorded conveyance or other instrument, or any title, whether legal or equitable, to the premises, or knowledge and notice of any facts which should put a prudent man upon in *622 quiry, impeaches the good faith of the subsequent purchaser. Stated another way, when actual notice exists, the Recording Act loses all pertinence.” (See 49 NY Jur, Records and Recording Acts § 63.)
Moreover, in 1946 when the Chisholms purchased the parcel in question from Elizabeth E and Mary S. Romer, the Village had already recorded its deed. Therefore, at the time of the 1946 conveyance the Chisholms had notice of a competing interest in the parcel known as the Clinton Street extension. Likewise, the Chisholms, who lived on Romer Street, had actual notice that the parcel of land in question was used as ingress and egress to the Village of Fleasantville High School and Middle School. (See Pallone v New York Tel. Co., 34 AD2d 1091 [4th Dept 1970] [where there is open and visible use of property by a third person, a purchaser is placed on constructive notice of the possible existence of prior rights and therefore is not a purchaser in good faith].)
As noted above, the Leens’ argument regarding road dedication is not dispositive. The Leens noted that during the 1930s, the estate of Alfred Romer made offers for road dedications which were formally accepted by the Village Board of Trustees. Clearly, both the estate of Alfred Romer and the Village knew the proper steps to effectuate a road dedication. Here, it can reasonably be inferred that the reason the steps were not followed with regard to the parcel in question was because this was an absolute unconditional conveyance, not a road dedication, and as such Village Law § 6-610 and its predecessor Village Law § 144 did not apply.
The Leens’ contentions that Elizabeth E and Mary S. Romer paid taxes on the subject property is unpersuasive and the documents submitted in support of that contention are unintelligible. Moreover, even if the documents did show that a tax was imposed in 1939 on a parcel owned by Elizabeth E and Mary S. Romer, there is no proof that this parcel is the one in question or that any taxes were ever paid. Such' inconclusive proof does not rebut the sworn statement of the Village Assessor.
On account of the foregoing, the Village’s motion for summary judgment dismissing the complaint is granted and the Village is declared the owner in fee of the subject parcel with rights superior to all other parties. The Leens’ cross motion for summary judgment is denied.