■ NATIONAL PUERTO RICAN DAY PARADE, INC., et al., Respondents, v CASA PUBLICATIONS, INC., et al., Appellants, et al., Defendant. [914 NYS2d 120]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered June 30, 2009, which insofar as appealed from as limited by the briefs, denied the cross motion of defendants Casa

Publications, Inc., La Voz Hispana Newspaper, Inc., Ruben "Nick" Lugo, Joaquin Del Rio, Julio Garcia and Luis Martinez (collectively, Casa) to dismiss the complaint for failure to comply with CPLR 2101 (b), and the motion of defendant Juan R. Feliciano (Feliciano) to dismiss the eleventh and thirteenth causes of action against him pursuant to CPLR 3211 (a) (7), unanimously affirmed, without costs.

The instant action arises out of the publication of 19 allegedly libelous articles that appeared, over the course of 16 months, in the Spanish language weekly newspaper, La Voz Hispana, regarding the finances and operations of plaintiffs National Puerto Rican Day Parade, Inc. (NPRDP) and various named members of the Board of Directors. Plaintiffs also allege that Casa partly relied upon false and malicious information provided by Feliciano, a former NPRDP board member, and that in so doing Feliciano caused the libelous articles to be published.

Plaintiffs' verified complaint sets forth in English the allegedly defamatory words from each of the 19 articles. The actual Spanish language articles alleged to be libelous and two translator affidavits from a translation agency are attached as exhibits to the complaint. The signed translator affidavits state that the translators are qualified professional translators competent in both English and Spanish, and that the translations are an accurate and complete rendering of the content of the original document.

Casa sought dismissal of the complaint under CPLR 2101 (b), arguing that plaintiffs failed to attach an English translation for each article in its entirety, and that the translator affidavits were insufficient because the affidavits were not signed contemporaneously with the verified complaint, because they did not include an itemized list of the translators' qualifications, and because the translators' names were not printed below the signature line. Additionally, Feliciano sought to dismiss the eleventh and thirteenth causes of action, arguing that by merely providing information to Casa he did not cause the articles to be published. Plaintiffs submitted an attorney affidavit in opposition to Feliciano's motion to dismiss, stating that they would be able to show that Feliciano authorized Casa to recommunicate his statements, and that he also paid Casa to publish his "open letter," which discusses individual members associated with NPRDP.

A statute should be interpreted "so as to give effect to the plain meaning of the words used" (*Doctors Council v New York City Employees' Retirement Sys.*, 71 NY2d 669, 675 [1988]). Under CPLR 2101 (b) each paper served or filed shall be in the

English language and where an affidavit or exhibit annexed to a paper served or filed is in a foreign language, it shall be accompanied by an English translation and an affidavit by the translator stating his or her qualifications and that the translation is accurate. Plaintiffs provided sufficient translator affidavits because both affidavits state that the translators are "qualified professional[s]," competent in both Spanish and English, and that the translations are an "accurate and complete rendering of the content of the original document." (see *Polish Am. Immigration Relief Comm. v Relax*, 172 AD2d 374 [1991]).

The certification that the translation was done by a professional translator competent in both languages is sufficient, especially in this particular case. The statute does not require that the translator affidavit include an "itemized" list of qualifications. Moreover, Casa had adequate notice and it shows no prejudice from the lack of an itemized list of qualifications. Casa does not allege that it—the publisher, editor and writer for a Spanish language newspaper—could not read and understand the articles in the language in which they were written, nor is there any claim that the translations are inaccurate.

The statute also does not require that the translator's affidavit list what was translated. Nor do the words of the statute mandate a "complete translation" as argued by Casa. Moreover, it is perfectly apparent that the articles themselves were the translated documents because they were annexed to the translators' affidavits and submitted with the complaint. Indeed, each of the 19 articles is individually identified within the body of the complaint by the publication date, author's name, and exhibit letter. These identifying characteristics can be matched directly to the articles annexed to the complaint, thus providing the necessary linkage between the translators' affidavits and the translated text.

Casa's reliance on the decisions in *Martinez v 123-16 Liberty Ave. Realty Corp.* (47 AD3d 901 [2d Dept 2008]) and *Yoshida Print. Co. v Aiba* (240 AD2d 233 [1997]) is misplaced because those cases involved the complete absence of any attested translator affidavits. *Martinez* also is distinguishable because one of the documents was translated by a party's family member, not a professional translator as was the case here.

The motion court also correctly found that the pleading sufficiently stated that Feliciano was the source of the two articles referred to in the eleventh and thirteenth causes of action. Although "[o]ne who makes a defamatory statement is not responsible for its recommunication without his authority or request by another over whom he has no control" (*Hoffman v*

*Landers*, 146 AD2d 744, 747 [1989]), reading the complaint as a whole, and giving plaintiffs the benefit of all reasonable inferences drawn from the complaint, as we must, plaintiffs have sufficiently pleaded that Feliciano authorized Casa to recommunicate his statements. Furthermore, the affidavit submitted by plaintiffs' attorney in opposition to the dismissal motion alleges that Feliciano wrote and submitted an open letter that was published in Casa's newspaper, and that Feliciano paid to have the open letter published.

Defendants incorrectly argue that the attorney's affidavit cannot be considered because it is neither supported by factual proof nor based on firsthand knowledge. Under CPLR 3211, affidavits are not to be examined for the purpose of determining whether there is evidentiary support, but rather, are to be examined for the limited purpose of remedying any defects in the pleadings and may be considered as supplementary to the complaint to show that the cause of action is valid (*see Finkelstein Newman Ferrara LLP v Manning*, 67 AD3d 538 [2009]). Here, the affidavit expands upon the pleadings by alleging that Feliciano authorized Casa to recommunicate his statements and paid to have Casa publish his open letter.

*Jee v New York Post Co.* (176 Misc 2d 253 [1998], *affd* 260 AD2d 215 [1999], *lv denied* 93 NY2d 817 [1999]) relied upon by Feliciano, can easily be distinguished because that case involved a ruling on a summary judgment motion. Here, plaintiffs did not need to prove, at this stage, that Feliciano had in fact authorized the recommunication by Casa, but rather, merely needed to establish that they had pleaded a valid cause of action.

We have considered defendants' remaining contentions and find them without merit. Concur—Saxe, J.P., Nardelli, Renwick and Richter, JJ.