Flatbush Two, LLC v Morales (2021 NY Slip Op 00294)





Flatbush Two, LLC v Morales


2021 NY Slip Op 00294


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2018-07587
 (Index No. 1631/14)

[*1]Flatbush Two, LLC, respondent, 
v
Maria Morales, appellant, et al., defendants.


William H. Salgado, Elmhurst, NY, for appellant.
Konner Teitelbaum & Gallagher, New York, NY (Robert J. Teitelbaum, Elliot L. Evans, and Michael A. Gould of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Maria Morales appeals from a judgment of foreclosure and sale of the Supreme Court, Queens County (Thomas D. Raffaele, J.), entered September 12, 2018. The judgment of foreclosure and sale, upon an order of the same court entered April 9, 2018, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Maria Morales and for an order of reference, confirmed the referee's report and directed the foreclosure and sale of the subject property.
ORDERED that the judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Maria Morales and for an order of reference are denied, and the order entered April 9, 2018, is modified accordingly.
In January 2014, Flushing Bank commenced this action to foreclose a mortgage against Maria Morales, among others. On May 14, 2014, Flushing Bank assigned the mortgage to the plaintiff, and in October 2015, the plaintiff obtained a default judgment against Morales. In an order entered August 15, 2016, the Supreme Court granted those branches of Morales's motion which were pursuant to CPLR 5015(a) to vacate the judgment, to vacate her default in answering the complaint, and for leave to serve and file a late answer.
The plaintiff then moved, inter alia, for summary judgment on the complaint insofar as asserted against Morales and for an order of reference. In an order entered April 9, 2018, the Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Morales on the ground that it was the law of the case that Morales had defaulted on the loan since the court had determined in its August 15, 2016 order that Morales failed to offer any proof that her alleged tender on the note was timely and in the amount due and, therefore, the complaint stated a cause of action for foreclosure. The court subsequently entered a judgment of foreclosure and sale confirming the referee's report and directing the sale of the subject property. Morales appeals.
To establish its prima facie entitlement to summary judgment in a mortgage foreclosure action, a plaintiff must submit the mortgage, the unpaid note, and evidence of the mortgagor's default (see Wells Fargo Bank, N.A. v Heiney, 168 AD3d 1126). A default is established by (1) an admission made in response to a notice to admit, (2) an affidavit from a person having personal knowledge of the facts, or (3) other evidence in admissible form (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208).
Contrary to the Supreme Court's determination, it was not the law of the case that Morales defaulted in timely paying the sums due under the note. "The doctrine of the 'law of the case' is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned" (Martin v City of Cohoes, 37 NY2d 162, 165). The doctrine "applies only to legal determinations that were necessarily resolved on the merits in [a] prior decision" (Baldasano v Bank of N.Y., 199 AD2d 184, 185; see Gay v Farella, 5 AD3d 540, 541; D'Amato v Access Mfg., 305 AD2d 447, 448). Here, the court's determination in a prior order addressing the issue of whether the complaint stated a cause of action, that Morales failed to offer any proof that she timely tendered funds due under the note, did not constitute a resolution on the merits on the issue of whether or not Morales defaulted under the terms of the note. Therefore, the Supreme Court erred in concluding that summary judgment was warranted based upon application of the doctrine of the law of the case.
Moreover, although the plaintiff submitted copies of the note and the mortgage agreement, it failed to establish Morales's default as a matter of law. "There is no requirement that a plaintiff in a foreclosure action rely on any particular set of business records to establish a prima facie case, so long as the plaintiff satisfies the admissibility requirements of CPLR 4518(a), and the records themselves actually evince the facts for which they are relied upon" (Citigroup v Kopelowitz, 147 AD3d 1014, 1015; see HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 826). Here, neither Joanne Orelli, a senior vice president of Flushing Bank, who verified the complaint, nor Mark Levin, the managing member of the plaintiff, who submitted an affidavit in support of the motion, stated that they had personal knowledge of the default. Moreover, to the extent their knowledge was based on their review of business records, they did not identify what records they relied on and did not attach them to the verified complaint or the affidavit (see Deutsche Bank Natl. Trust Co. v McGann, 183 AD3d 700, 702).
Since the plaintiff failed to establish, prima facie, that Morales had defaulted on the subject note, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Morales and for an order of reference (see JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1516-1517).
DILLON, J.P., CHAMBERS, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court