Stringer v Kim (2024 NY Slip Op 02265)

Stringer v Kim

2024 NY Slip Op 02265

Decided on April 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 25, 2024

Before: Webber, J.P., Friedman, González, Rosado, Michael, JJ. 

Index No. 160562/22 Appeal No. 2132 Case No. 2023-04078 

[*1]Scott Stringer, Plaintiff-Appellant,
v
Jean Kim, Defendant-Respondent.

Walden Macht & Haran LLP, New York (Milton L. Williams, Jr. of counsel), for appellant.
Marc Cohan, New York, for respondent.

Order, Supreme Court, New York County (Richard Latin, J.), entered on or about August 7, 2023, which, among other things, granted defendant's motion to dismiss the complaint as time-barred, unanimously reversed, on the law, without costs, the motion denied, and the matter remanded for a determination of the branch of defendant's motion seeking dismissal pursuant to CPLR 3211(g).
There is no dispute that defendant's original statements concerning plaintiff were made in April 2021, which is more than a year before this action was commenced, and therefore fall outside the statute of limitations pursuant to CPLR 215(3). Thus, the burden shifts to plaintiff to raise an issue of fact as to whether the statute of limitations has been tolled or whether an exception to the limitations period is applicable (see Flintlock Constr. Servs., LLC v Rubin, Fiorella & Friedman, LLP, 188 AD3d 530, 531 [1st Dept 2020]).
Here, plaintiff alleges that defendant republished her original defamatory statements concerning him when a third party, then Congresswoman Maloney, was quoted in a newspaper article making reference to those statements. "Republication, retriggering the period of limitations, occurs upon a separate aggregate publication from the original, on a different occasion, which is not merely a delayed circulation of the original edition" (Firth v State of New York, 98 NY2d 365, 371 [2002] [internal quotation marks omitted]). Retriggering by republication also requires that the original publisher of the statement participate in or approve of the decision to republish the allegedly defamatory statement (see Geraci v Probst, 15 NY3d 336, 342-343 [2010]; Rinaldi v Viking Penguin, 52 NY2d 422, 435 [1981]).
Here, the pleadings as to the proximity in time between the August 3, 2022 Maloney campaign event where defendant was present, and the subsequent August 20, 2022 New York Post article quoting Maloney, raises an issue of fact as to whether defendant had a role in or authorized the decision to make the allegedly defamatory comments (see National Puerto Rican Day Parade, Inc. v Casa Publs., Inc., 79 AD3d 592, 594-595 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 25, 2024