Gavilanes v 919 Ground Lease LLC

2026 NY Slip Op 02451

April 23, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Luis Gavilanes, Plaintiff-Respondent,

v

919 Ground Lease LLC et al., Defendants-Appellants. &lsqb;And A Third-Party Action&rsqb;.

Decided and Entered: April 23, 2026

Index No. 153246/22 |Appeal No. 6454|Case No. 2025-03947|

Before: Manzanet-Daniels, J.P., Kennedy, González, Pitt-Burke, Rosado, JJ.

Mintzer Sarowitz Zeris & Willis, PLLC, Melville (Thomas G. Darmody of counsel), for appellants.

Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Leticia M. Ramirez, J.), entered on or about April 3, 2025, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment as to liability on his Labor Law § 240 (1) claim and denied defendants' cross-motion seeking dismissal of the Labor Law § 240(1) claim, unanimously affirmed, without costs.

The proponent of translated evidence has the burden of demonstrating "that the translation was provided by a competent, objective interpreter whose translation was accurate" (Nava-Juarez v Moshulu Fieldston Realty, LLC, 167 AD3d 511, 512 [1st Dept 2018] [internal quotation marks omitted]). Generally, a certification that the translator is professionally qualified and is competent in both languages is sufficient (see National Puerto Rican Day Parade, Inc. v Casa Publs., Inc., 79 AD3d 592, 594 [1st Dept 2010]). Here, the translator attestations state only that each translator was fluent in both Spanish and English, with no indication of any other credentials.

The record contains sufficient evidence to establish that defendants' negligence resulted in a violation of Labor Law § 240(1), and was a proximate cause of plaintiff's accident and injury. Plaintiff testified that although he needed a mobile scaffold to perform his work at the subject worksite, he was instead directed by his foreman immediately before the accident occurred to cross over to the other side of the structure by climbing on the cross-pipes of the structure without a harness. Plaintiff also testified that the foreman had directed him to climb the structure on a prior occasion. Plaintiff testified that although he had a harness, he could not tie it off because its hook was too small for the pipes (see Hoffman v SJP TS, LLC, 111 AD3d 467, 467 [1st Dept 2013]).

While there is some dispute as to whether a ladder was available at the worksite on the date of the accident, if it was available and plaintiff knew about it there is no evidence that plaintiff refused to use it or that it was a suitable alternative to the mobile scaffold (see Ortiz v City of New York, 224 AD3d 631, 631-32 [1st Dept 2024]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 23, 2026