LILY HOFSTETTER, an Infant, by HARRY HOFSTETTER, Her Guardian ad Litem, Respondent, *v.* SAMUEL GOLDENBERG, Appellant, and A. & A. AMUSEMENT CORPORATION, Defendant.

Supreme Court, Appellate Term, First Department, June 26, 1928.

**Evidence — admissibility — error to admit minutes of former trial not properly authenticated — amendment to complaint improperly allowed — judgment in Municipal Court not res judicata — error to hold, as matter of law, that appellant was principal in making contract.**

This is an action to recover damages for wrongful discharge of plaintiff as an actress. The written contract was signed by the appellant, individually, but the complaint alleges that he was acting as the duly authorized agent of the corporation defendant. In a prior action in the Municipal Court between the same parties, the plaintiff recovered a judgment for one week's wages against both defendants. The minutes of the prior trial which were authenticated only by the attorney for the plaintiff, were improperly admitted in evidence. The minutes should have been authenticated by the stenographer who took them. It was error for the court to permit the plaintiff to amend the complaint near the close of the trial to conform to the proof, for the amendment controverted evidence introduced.

It was error for the court to hold, as a matter of law, on the evidence presented, that the judgment of the Municipal Court was *res judicata* on the question as to whether or not the appellant was a principal in the contract, and that the appellant acted as principal in making the contract and not exclusively as the authorized agent of the corporation defendant.

APPEAL by the defendant, Samuel Goldenberg, from a judgment in favor of the plaintiff in the sum of $1,736.60, entered upon a verdict of a jury upon a trial in the City Court of the City of New York, county of New York.

The action was brought to recover damages, for wrongful discharge, resulting in a breach of a contract of employment of the plaintiff as an actress, signed by Goldenberg individually. In her verified complaint the plaintiff alleged that the agreement was entered into by and between her and " the defendant A. & A. Amusement Corporation through Samuel Goldenberg, its duly authorized agent." Judgment was demanded against both the defendant Goldenberg and the defendant corporation.

Before the commencement of this action, suit was instituted by the same plaintiff against the same defendants in the Municipal Court of the city of New York, on oral pleadings to recover one week's wages. In that action, judgment was rendered against both defendants. It was claimed by the plaintiff that the contract sued upon in the City Court was offered in evidence in the earlier Municipal Court trial. The plaintiff offered in evidence purported minutes

of the Municipal Court trial, for the purpose, among other things, of supporting her claim that the determination in the Municipal Court, that Goldenberg was individually liable on the contract, was conclusive in the present action. In support of such offer of the minutes, the attorney for the plaintiff upon the Municipal Court trial testified that the minutes were a true copy of the minutes of the trial there had, and further testified that the said minutes bore the signature of the stenographer of the Municipal Court who transcribed the testimony. The stenographer was not present on the trial in the City Court, and there was no proof offered that he was unavailable. The minutes so offered were received in evidence over the appellant's objection.

Upon the trial of the present action, the plaintiff testified on cross-examination that when the written contract in suit was made, Goldenberg disclosed to her that he was in fact acting as agent for the A. & A. Amusement Corporation. After the receipt of the Municipal Court judgment in evidence, the plaintiff moved to conform her complaint to the proof submitted in so far as the relationship of the parties was concerned. Over the objection of the appellant that the amendment was not clearly and distinctly set forth, the trial court allowed the amendment.

*Matthew M. Levy,* for the appellant.

*Henry O. Kahan,* for the respondent.

PER CURIAM. Among a number of prejudicial errors duly excepted to by appellant's counsel committed upon the trial are the following, namely: (1) The admission in evidence without proper authentication of the so-called minutes taken in an action between these parties in the Municipal Court; (2) the allowance upon the trial of an inadequately stated amendment to the complaint after plaintiff's case was almost concluded, ostensibly on the ground that such amendment would conform the complaint to the proof, whereas it controverted all adduced evidence; (3) the holding as a matter of law on insufficient evidence that the judgment between these parties in the Municipal Court was *res adjudicata* that defendant, appellant, was a principal and bound as such on the contract referred to in the complaint, and (4) the holding as matter of law that in the making of such contract the defendant, appellant, acted as principal and not exclusively as the duly authorized agent of the A. & A. Amusement Corporation. For these errors and others the judgment is reversed and a new trial ordered, with costs to appellant to abide the event.

LEVY and CRAIN, JJ., concur; BIJUR, J., concurs in result.