■ BARBARA KAMINER, Respondent, v JOHN HANCOCK MUTUAL INSURANCE COMPANY et al., Appellants. (And a Third-Party Action.) [604 NYS2d 114] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about September 11, 1992, which granted plaintiff's motion to set aside the jury verdict and ordered a new trial, unanimously affirmed, without costs.

Although the evidence at trial established that a defect in the floor existed where the 73-year old plaintiff fell and that her injury was substantial, painful and permanent, the jury

found her 85% at fault and awarded her no damages for future pain and suffering.

We agree with the trial court that the only possible explanation for the jury's apportionment of liability is speculation that the main cause of plaintiff's fall was side effects from prescription medication. Such speculation was impermissible absent evidence that plaintiff in fact suffered side effects that could have caused her to fall or exacerbated her injuries (*see, Arroyo v City of New York,* 171 AD2d 541, 543, citing, *inter alia, Del Toro v Carroll,* 33 AD2d 160, 163-164). The expert testimony that plaintiff's medication causes drowsiness in about 50% of those who take it and a drunken type of walk (ataxia) in about 30%, does not make the verdict any the less speculative, but, to the contrary, as the trial court found, no doubt "influenced the jury to such an extent that it effectively deprived the plaintiff of a fair trial." In short, the apportionment of liability is against the weight of the evidence. So too was the failure to award any damages for future pain and suffering. Concur—Ellerin, J. P., Kupferman, Asch and Rubin, JJ.