■ JOHN LALLI et al., Respondents, v SHIGEO ABE, Appellant, et al., Defendants. [650 NYS2d 313] —In an action, inter alia, to recover damages for fraud and conversion with respect to secured collateral, the defendant Shigeo Abe appeals (1) as limited by his brief, from so much of the judgment of the Supreme Court, Westchester County (Lefkowitz, J.), dated November 29, 1995, as, upon an order, entered November 22, 1995, granting the plaintiffs' motion for partial summary judgment, awarded judgment in favor of the plaintiffs and against this defendant in the total amount of $540,883.79, and (2) as limited by his brief, from so much of an order of the same court, entered January 25, 1996, as, upon renewal and reargument, adhered to the original determination granting partial judgment to the plaintiffs against the appellant. The appel-

lant's notice of appeal from the order entered November 22, 1995, is deemed a premature notice of appeal from the judgment (CPLR 5520 [c]).

Ordered that the appeal from the judgment is dismissed, as it was superseded by the order entered January 25, 1996, made upon renewal and reargument; and it is further,

Ordered that the order entered January 25, 1996, is reversed insofar as appealed from, on the law, the order entered November 22, 1995, and the first and third decretal paragraphs of the judgment are vacated, and the plaintiffs' motion for partial summary judgment is denied; and it is further,

Ordered that the appellant is awarded one bill of costs.

In the order entered November 22, 1995, partial summary judgment was improperly granted because the court relied upon a deposition of the appellant which had not been forwarded to the plaintiff pursuant to CPLR 3116 (a) *(see, Nicholas v Island Indus. Park,* 46 AD2d 804; *see also, Hahn v City of Niagara Falls,* 143 AD2d 517). Only after the appellant moved for renewal and reargument did the plaintiffs comply with CPLR 3116 (a). Accordingly, the court was compelled to grant renewal to rectify its error.

Upon the papers submitted upon renewal and reargument, it is apparent that there are numerous issues of fact which preclude the granting of summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). We further note that there was no proof of the value of the property at the time and place of the alleged taking *(see, Express Frgt. Sys. v Walter,* 219 AD2d 813, 815). Goldstein, J. P., Florio, McGinity and Luciano, JJ., concur.