■ MERIDA PINA, Respondent, v FLIK INTERNATIONAL CORP., Appellant-Respondent, and PRICE WATERHOUSE COOPERS, LLP, Respondent-Appellant. [808 NYS2d 752]—

In an action to recover damages for personal injuries, the defendants Flik International Corp., and Price Waterhouse

Coopers, LLP, separately appeal from an order of the Supreme Court, Queens County (Satterfield, J.), dated January 3, 2005, which denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff allegedly was injured when she slipped and fell on a liquid substance leaking from garbage bags near a freight elevator on the 29th floor of a building. She commenced this action against the defendant Price Waterhouse Coopers, LLP (hereinafter Price Waterhouse), which leased the office space on the 29th floor, and the defendant Flik International Corp. (hereinafter Flik), which provided food catering services to the floor, alleging that Flik created the dangerous condition and Price Waterhouse negligently permitted the condition to exist.

Both defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the grounds, inter alia, that they did not owe the plaintiff a duty of care and did not create or have actual or constructive notice of the dangerous condition that allegedly caused the plaintiff's injuries. The Supreme Court denied both motions. We affirm.

The Supreme Court properly denied the defendants' motions for summary judgment since they failed to submit sufficient evidence in admissible form to establish their entitlement to judgment as a matter of law (see *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). The defendants failed to show that the unsigned deposition transcripts of various witnesses they submitted in support of their motions had previously been forwarded to the relevant witnesses for their review pursuant to CPLR 3116 (a). Hence, contrary to the defendants' contention, they were not admissible (see *Lalli v Abe,* 234 AD2d 346 [1996]; *Palumbo v Innovative Communications Concepts,* 175 Misc 2d 156 [1997], *affd* 234 AD2d 346 [1998]; Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3116:1). Schmidt, J.P., Krausman, Luciano and Covello, JJ., concur.