■ FELICITO RAMIREZ, Appellant, v WILLOW RIDGE COUNTRY CLUB, INC., et al., Respondents. [922 NYS2d 343]—

Judgment, Supreme Court, New York County (Barbara R. Kapnick, J.), entered April 22, 2009, dismissing the complaint after a jury trial, and bringing up for review an order, same court and Justice, entered February 2, 2009, which denied plaintiff's motion for judgment notwithstanding the verdict, unanimously affirmed, without costs.

Plaintiff testified he was injured while performing demolition work on the second-story deck of a building owned by defendant Willow Ridge Country Club, Inc. Plaintiff testified that, while removing wooden posts with a crow bar, he fell off the deck through a space where its railing had been removed. In contrast, the foreman for plaintiff's employer testified that plaintiff's accident occurred while plaintiff was straddling between an A-frame ladder leaning against the deck railing and an extension ladder affixed to the adjacent wall of the building, and pulling a gutter down from under the roof. The foreman testified that he admonished plaintiff to stop, but the gutter gave way, causing plaintiff to lose balance and fall to the ground below. The jury found that defendants had violated Labor Law § 240 (1), but that the statutory violation was not a substantial factor in causing the accident.

A fair inference is that the jury determined that a statutory violation existed with respect to the guardrail of the deck, but that it accepted the foreman's version of the event and found that the violation was not a proximate cause of the accident. The jury was not instructed on the recalcitrant worker defense,

but was instructed, without objection, that it should find for defendants if it concluded that plaintiff's actions were the only substantial factor in bringing about the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 291 n 11 [2003]). Consistent with the jury charge, the jury was entitled to resolve the issues as it did, and we perceive no ground upon which its verdict should be disturbed (*see Pavlou v City of New York*, 21 AD3d 74 [2005], *affd* 8 NY3d 961 [2007]; *Weiss v City of New York*, 306 AD2d 64 [2003]; *King v Perrotte*, 50 AD3d 1266 [2008]). To the extent plaintiff asserts the verdict was inconsistent, the argument is unpreserved since it was not raised before the jury was discharged (*see Barry v Manglass*, 55 NY2d 803 [1981]).

Plaintiff's claim that the court improperly charged the jury pursuant to PJI 1:76 that an inference could be drawn from plaintiff's refusal to waive his attorney-client privilege and allow a former paralegal at the firm which represented plaintiff in his workers' compensation claim to testify for the defense is without merit (*Matter of Commissioner of Social Servs. v Philip De G.*, 59 NY2d 137, 141 [1983] ["it is now established that in civil proceedings an inference may be drawn against the witness because of his failure to testify or because he exercises his privilege to prevent another from testifying, whether the privilege is constitutional . . . or statutory"]).

Plaintiff also asserts that the court erred in precluding plaintiff's use of the examination before trial transcript of defendant's witness, Alexander Jack—plaintiff's foreman—during cross-examination on the ground that plaintiff failed to show that he complied with CPLR 3116. Specifically, CPLR 3116 (a) provides that a deposition shall be submitted to the witness who can make changes. The witness must then sign the deposition under oath. If the witness fails to sign and return the deposition within 60 days, it may be used as fully as though signed. A failure to comply with CPLR 3116 (a) results in a party being unable to use the transcript pursuant to CPLR 3117 (*see Santos v Intown Assoc.*, 17 AD3d 564 [2005]; *Lalli v Abe*, 234 AD2d 346 [1996]). It is the burden of the party proffering the deposition transcript to establish compliance with CPLR 3116 (a) (*Pina v Flik Intl. Corp.*, 25 AD3d 772, 773 [2006]).

Here, the court properly precluded the use of Jack's unsigned deposition transcript during Jack's cross-examination inasmuch as plaintiff failed to establish that the transcript was sent to Jack and that he failed to return it within 60 days. Although at one point in his testimony Jack seems to state that he signed the deposition at his lawyer's office, upon further questioning,

454

it appears that he was confused and was actually referring to taking an oath on the date the deposition was taken (*see* CPLR 3113 [b]), rather than on a separate date when the transcript was sent to him for changes and signing pursuant to CPLR 3116.

Although there is no time frame as to when a party should send a deposition transcript to a witness for compliance with CPLR 3116 (a), a trial court need not adjourn a trial during the cross-examination of a witness so the that the party cross-examining the witness may comply with the section. In any event, since plaintiff does not specify any parts of the deposition that he would have used, any error would appear to be harmless.

Nor has plaintiff demonstrated that any of his other claims regarding the conduct of the trial court were so prejudicial as to deprive him of a fair trial. The rulings on admissibility of evidence were proper and, in any event, any error was harmless. Concur—Gonzalez, P.J., Tom, Andrias, Acosta and Abdus-Salaam, JJ.