Li Xian v Tat Lee Supplies Co., Inc. (2019 NY Slip Op 02039)





Li Xian v Tat Lee Supplies Co., Inc.


2019 NY Slip Op 02039


Decided on March 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2019

Sweeny, J.P., Webber, Gesmer, Singh, JJ.


8743 304347/09

[*1]Li Xian, et al., Plaintiffs-Respondents,
v
Tat Lee Supplies Co., Inc., Defendant-Appellant, Lorimer Development, LLC, et al., Defendants.


Morton S. Minsley, New York, for appellant.
Law Office of James Trainor, P.C., New York (James Trainor of counsel), for respondents.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered on or about June 28, 2018, which denied defendant Tat Lee Supplies Co., Inc.'s motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Defendant failed to establish prima facie that it is not responsible for the injuries sustained by plaintiffs as a result of a third-party assault in the vicinity of its building, since much of the evidence it submitted on the issue of proximate cause is inadmissible and may not be considered (see Kershaw v Hospital for Special Surgery, 114 AD3d 75, 81-82 [1st Dept 2013], citing GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965, 967 [1985]). The nonparty witnesses' deposition transcripts are unsigned by the witnesses, and there is no notice to the witnesses requesting that they review and sign the transcripts (see CPLR 3116[a]; Ramirez v Willow Ridge Country Club, Inc., 84 AD3d 452, 453 [1st Dept 2011], lv denied 18 NY3d 805 [2012]). Plaintiffs' criminal trial testimony transcripts are unauthenticated (see CPLR 4540[a]; Hofstetter v Goldenberg, 132 Misc 772 [App Term, 1st Dept 1982]). The documents purportedly produced by the Kings County District Attorney's Office are also unauthenticated (see CPLR 4518[a]).
Moreover, defendant failed to submit evidence as to the foreseeability of a third-party assault in the vicinity of its building, whether its failure to properly maintain its doors and door frames was a proximate cause of the assault, or whether it had actual or constructive notice of the alleged defect; it relied instead on gaps in plaintiff's evidence, which was insufficient to satisfy its burden as movant (see Hairston v Liberty Behavioral Mgt. Corp., 157 AD3d 404, 405 [1st Dept 2018], lv dismissed 31 NY3d 1036 [2018]; see also Brown v Smith, 85 AD3d 1648, 1649 [4th Dept 2011] [movant cannot satisfy its initial burden of proof by relying on evidence submitted in opposition to motion]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 19, 2019
CLERK