Bell v Motor Veh. Acc. Indem. Corp. (2019 NY Slip Op 06737)





Bell v Motor Veh. Acc. Indem. Corp.


2019 NY Slip Op 06737


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2018-02283
 (Index No. 16387/14)

[*1]Kawan Bell, etc., respondent, et al., plaintiff,
v
Motor Vehicle Accident Indemnification Corporation, appellant.


Jaime E. Gangemi (Kornfeld, Rew, Newman & Simeone, Suffern, NY [William S. Badura and Thomas Newman], of counsel), for appellant.
Gary P. Kauget, P.C., Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated November 15, 2017. The order denied the defendant's motion pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the plaintiff Kawan Bell on the issue of damages for past pain and suffering in the principal sum of $80,000 and for future pain and suffering in the principal sum of $220,000, and for judgment as a matter of law in its favor.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion pursuant to CPLR 4404(a) which was to set aside so much of the jury verdict as awarded the plaintiff Kawan Bell damages for future pain and suffering and for judgment as a matter of law dismissing so much of the complaint as sought to recover damages for future pain and suffering, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
On September 26, 2011, the 12-year-old infant plaintiff Kawan Bell (hereinafter the infant plaintiff) was crossing Utica Avenue in Brooklyn when he was struck by a hit-and-run vehicle. The infant plaintiff, and his mother suing derivatively, commenced this action against the defendant to recover damages for personal injuries that the infant plaintiff allegedly sustained in the accident. In the bill of particulars, the infant plaintiff alleged, inter alia, that he sustained injuries to the cervical and lumbar regions of his spine.
After a jury verdict on the issue of liability in favor of the infant plaintiff, the action proceeded to a jury trial on the issue of damages. The plaintiffs presented as their expert a chiropractor who treated the infant plaintiff from October 3, 2011, through December 19, 2012, quantified his loss of range of motion in that period, and diagnosed a herniated disc. The expert was not asked about how she measured range of motion. Nor was the jury instructed that the expert was required to specify that she used a measurement device and the nature of that device. The jury determined that the infant plaintiff sustained serious injuries under the significant limitation of use and permanent consequential limitation of use categories of Insurance Law § 5102(d) as a result of the subject accident. The jury awarded the infant plaintiff damages in the principal sums of $80,000 [*2]and $220,000 for past and future pain and suffering, respectively.
The defendant moved pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the infant plaintiff on the issue of damages and for judgment as a matter of law in its favor. The Supreme Court denied the motion. The court determined that based upon the testimony of the plaintiffs' chiropractor, there was a valid line of reasoning and permissible inferences which could lead the jury to conclude that the plaintiff sustained a serious injury under the significant limitation of use category of Insurance Law § 5102(d). The defendant appeals, contending that the court should have granted its motion pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the infant plaintiff on the issue of damages on the ground that the plaintiffs failed to establish that the infant plaintiff sustained a serious injury under either the significant limitation of use or permanent consequential limitation of use category of Insurance Law § 5102(d) as a result of the accident.
"A motion pursuant to CPLR 4401 or 4404 for judgment as a matter of law may be granted only where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party'" (Caliendo v Ellington, 104 AD3d 635, 636, quoting Szczerbiak v Pilat, 90 NY2d 553, 556). "In considering such a motion, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant'" (Hamilton v Rouse, 46 AD3d 514, 516, quoting Szczerbiak v Pilat, 90 NY2d at 556).
Here, since the jury was not instructed that testimony as to the mode of measurement of range of motion was necessary, it cannot be said that there was no rational process by which the jury could find that the infant plaintiff sustained a serious injury under the significant limitation of use category of Insurance Law § 5102(d) based upon the testimony of the chiropractor (see Ramirez v Willow Ridge Country Club, Inc., 84 AD3d 452, 53). Accordingly, we agree with the Supreme Court's determination to deny that branch of the defendant's motion pursuant to CPLR 4404(a) which was to set aside the jury verdict on the issue of damages for past pain and suffering.
However, on the facts of this case, and considering the nature of the injuries, the plaintiffs failed to establish that the infant plaintiff sustained a serious injury to the cervical region of his spine under the permanent consequential limitation of use category of Insurance Law § 5102(d) (see Estrella v GEICO Ins. Co., 102 AD3d 730, 731; Griffiths v Munoz, 98 AD3d 997, 998; Lively v Fernandez, 85 AD3d 981, 982). Under these circumstances, the jury's verdict in favor of the infant plaintiff in the principal sum of $220,000 was not supported by the evidence (see Ajoudanpour v Globman, 2 AD3d 373).
Accordingly, the Supreme Court should have granted that branch of the defendant's motion pursuant to CPLR 4404(a) which was to set aside so much of the jury verdict as awarded the infant plaintiff damages for future pain and suffering and for judgment as a matter of law dismissing so much of the complaint as sought to recover damages for future pain and suffering.
DILLON, J.P., CHAMBERS, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court