Greenman v 2451 Broadway Mkt., Inc. (2020 NY Slip Op 01962)





Greenman v 2451 Broadway Mkt., Inc.


2020 NY Slip Op 01962


Decided on March 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2020

Renwick, J.P., Gische, Mazzarelli, Webber, Singh, JJ.


154861/14 11287A 11287

[*1]Lester Greenman, Plaintiff-Appellant,
v
2451 Broadway Market, Inc., et al., Defendants-Respondents.


Sullivan Papain Block McGrath & Cannavo P.C., New York (Stephen C. Glasser of counsel), for appellant.
Gladstein Keane & Partners, LLC, New York (Thomas F. Keane of counsel), for respondents.



Judgment, Supreme Court, New York County (Alexander M. Tisch, J.), entered on or about May 29, 2019, upon a jury verdict
that allocated 75% of the fault to plaintiff and 25% to defendants, awarding plaintiff the principal sum of $18,750 for past pain and suffering, unanimously reversed, on the law, without costs, the judgment vacated, and the matter remanded for a new trial on the issues of past and future pain and suffering. Appeal from order, same court and Justice, entered on or about January 7, 2019, which denied plaintiff's motion for an upward modification of the jury award of $75,000 for past pain and suffering and zero damages for future pain and suffering, or, in the alternative, a new trial on damages, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The trial court erred in permitting defendants to use the transcripts of plaintiff's and his nonparty wife's depositions at trial, since the transcripts had never been served upon plaintiff and his wife in accordance with CPLR 3116(a) (Li Xian v Tat Lee Supplies Co., Inc., 170 AD3d 538 [1st Dept 2019]; Ramirez v Willow Ridge Country Club, 84 AD3d 452 [1st Dept 2011]). Defendants used the transcripts extensively, both on cross-examination and as direct evidence, and, given the centrality of the issue of credibility, the error cannot be regarded as harmless (see Rivera v New York City Tr. Auth., 54 AD3d 545, 548 [1st Dept 2008]).
The trial court further erred in permitting defense counsel to argue that the actual cause of plaintiff's fall was the effect of the Valium he had been given earlier that day in connection with a medical visit, since no evidence had been offered as to the dose plaintiff was given, the length of time the Valium would have remained in his system after his medical procedure, or the effect the Valium would have had on his ability to ambulate at the time of his accident (see Kaminer v John Hancock Mut. Ins. Co., 199 AD2d 53 [1st Dept 1993]).
In view of the foregoing, we do not reach the issue of the sufficiency of the damages awards.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 17, 2020
CLERK